﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190610-62886
DATE: June 16, 2020

ORDER

Entitlement to service connection for muscle spasms of the right upper extremity is granted.

REMANDED

Entitlement to service connection for right hand swelling is remanded.

Entitlement to service connection for neck pain is remanded.

Entitlement to service connection for tinnitus is remanded.

FINDING OF FACT

The Veteran’s muscle spasms of the right upper extremity are related to his service-connected right shoulder disability. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for muscle spasms of the right upper extremity have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1984 to July 1986 with additional service in the National Guard. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a December 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

The Veteran’s claims were denied in a December 2013 rating decision and appealed under the legacy review of benefit claims decisions. See December 2013 Notice of Disagreement (NOD); July 2015 and August 2015 VA Form 9. The Veteran was issued a Statement of the Case (SOC) in June 2015, followed by a Supplemental Statement of the Case (SSOC) in May 2019. Within sixty dates from the issuance of the SSOC, the Veteran withdrew his appeal under the legacy review of benefits claims decisions and opted into the Appeals Modernization Act (AMA) by filing an appeal to the Board with a VA Form 10182. See 84 Fed. Reg. 138, 171 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2400 (c)(2)); See May 2019 SSOC; June 2019 VA Form 10182. 

The Veteran appealed for a direct review of the record before the RO by a Veterans Law Judge. See July 2019 VA Form 10182.

The Veteran was scheduled for an August 2019 Board hearing. However, the Veteran was deemed a no-show for the hearing and to date the Veteran has not requested that the hearing be rescheduled. As such, the Veteran's hearing request is withdrawn. 38 C.F.R. § 20.704(d).

Additionally, the Veteran has perfected an appeal regarding the issues of service connection for a kidney condition, service connection for degenerative disc disease of the lumbar spine, entitlement to special monthly compensation, and entitlement to increased ratings for right shoulder and right knee disabilities. See October 2018 VA Form 9. However, he has requested a Travel Board hearing before a member of the Board in connection with that appeal. As such hearing has not yet taken place, those issues are not presently before the Board and will be the subject of a future Board decision.

1. Entitlement to service connection for muscle spasms of the right upper extremity

The Veteran contends that he has right upper extremity muscle spasms related to his service-connected right shoulder condition. 

In his May 2013 statement, the Veteran stated that since his right shoulder surgery, he has been having muscle spasms.

The Veteran was examined for his muscle spasms in October 2013. The VA examiner provided a diagnosis of right muscle spasm. The VA examiner opined that his arm spasms are less likely than not incurred in or caused by his military service as there is no evidence of muscle injury in the arm or spasms in his service treatment records. However, the VA examiner provided an opinion on secondary service connection and stated that the claimed condition is at least as likely as not (50 percent or greater probability) proximately due to or the result of the Veteran’s service-connected condition. He reasoned that the Veteran’s arm spasm could have multiple causes, although he is not having any spasms today. It could be related to his service-connected shoulder impingement and shoulder problems as muscles around the arms can be affected by a more proximal process. 

Service connection will be granted for disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Secondary service connection may be established for a disability that is proximately due to, or the result of, a service-connected disease or injury. 38 C.F.R. § 3.310(a). Substantiating a secondary service connection claim requires competent evidence of: (1) a diagnosis of the disability for which service connection is being sought; (2) a service-connected disability; and (3) that the current disability was either caused or aggravated by the already service-connected disability. 38 C.F.R. § 3.310 (a); Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

Upon review of the record, the Board finds the Veteran’s right arm spasm is secondary to his service-connected right shoulder condition and therefore, is granted service connection. In reaching this conclusion, the Board has reviewed the available lay statements, his medical history, and the available medical opinion. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for muscle spasms of the right upper extremity is warranted.

REASONS FOR REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and there is a complete record upon which to decide the Veteran’s claim so that he is afforded every possible consideration. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c).

2. Entitlement to service connection for right hand swelling 

The Veteran maintains that he has right hand swelling related to his service-connected shoulder disability, or in the alternative, related to his medication for his service-connected disabilities. See December 2014 Correspondence. 

The RO did not make favorable findings for this issue in the December 2013 rating decision.

In his May 2013 statement, the Veteran states that in May 2013, while attending a physical therapy session at the VA Medical Center (VAMC), he felt a pop in his right shoulder and felt a little pain. When he left the VAMC, he noticed his shoulder started feeling different. He took a nap when he went home and after he woke up, his fingers had swollen up. A December 2013 VA treatment record shows that the Veteran stated he has been recently having a burning pain that radiates from his head down to his right shoulder, down the arm and has started to have swelling of the right hand. He also submitted a statement in December 2014 and described another incident of painful right hand swelling from October 2014. He continued to complain of right hand swelling. See April 2016 VA treatment record. 

In his December 2014 statement, the Veteran stated that he was given medication for his right shoulder condition, which did not stop the pain but made his situation worse. He stated that he took Gabapentin and one of the side effects he experienced was swelling of the hands. 

The Veteran was afforded a VA examination in October 2013. The VA examination found that the Veteran did not have a right-hand condition. The VA examiner stated in his opinion that intermittent swelling could be related to a number of factors, so it is less likely than not secondary to his shoulder impingement and that there is no causal relationship between the two. The VA examiner also reasoned that since he does not have a hand condition it is less likely than not incurred in or caused by service. 

While the VA examiner stated that the Veteran did not have a right-hand condition, he stated that intermittent swelling could be related to a number of factors. The evidence of records shows that the Veteran had several instances of right hand swelling. It is not clear whether the VA examiner determined whether the Veteran had right hand swelling. Furthermore, there is no medical opinion that addresses whether the condition could be secondary to his medication. 

As such, the Board finds that in order to correct the pre-decisional duty to assist errors, a remand is necessary for a new VA examination that addresses these deficiencies.

3. Entitlement to service connection for neck pain 

The Veterans asserts that he has neck pain after his shoulder surgery in November 2012. The Veteran also stated that he has pain from his headaches that radiate to his neck. See October 2013 VA treatment record. 

The RO did not make favorable findings for this issue in the December 2013 rating decision.

A March 2013 VA treatment record shows that the Veteran complained of sharp pain in the back of his neck. The Veteran was also involved in a motor vehicle accident in September 2013 and complained of neck pain. See September 2013 VA treatment record.

The RO denied the Veteran’s claim for service connection for neck pain in December 2013 because there was no diagnosis found for a neck condition. In this regard, the Board notes that the Veteran has not been provided a proper neck examination. The Veteran was provided a peripheral nerve condition examination in October 2013, but a cervical spine examination has not been completed. 

The VA Secretary must provide a VA medical examination when there is: (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McClendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

As such, the Board finds that the Veteran should have been afforded a VA examination for his cervical spine and therefore, remand is necessary to correct the pre-decisional duty to assist error.

4. Entitlement to service connection for tinnitus 

The Veteran contends that his tinnitus is the result of exposure to traumatic noise during his military service, specifically due to his military occupational specialty (MOS) of armor crewman. 

The RO made a favorable finding in its December 2013 rating decision that the Veteran has a current diagnosis of tinnitus. 

The Board cannot make a fully informed decision on the issue of tinnitus because the only VA medical opinion of record is inadequate. The October 2013 VA examiner diagnosed the Veteran with tinnitus and provided an opinion that the Veteran has a diagnosis of clinical hearing loss, and his tinnitus is at least as likely as not (50 percent probability or greater) a symptom associated with the hearing loss, as tinnitus is known to be a symptom associated with hearing loss. However, in the April 2020 Board decision, it was found that the Veteran does not have hearing loss for VA purposes. As the Veteran did not have hearing loss for VA purposes on the examination, the VA examiner’s opinion is not adequate. Furthermore, the VA examiner did not discuss the Veteran’s military occupational specialty (MOS) when providing the opinion. Additionally, the Veteran submitted buddy statements regarding his tinnitus after the October 2013 VA examination. See June 2015 Correspondence. The Veteran also submitted his own statement in August 2015. He stated that a 105 mm cannon went off while he was training. See August 2015 Correspondence. 

Thus, the Board finds that a remand is required as the October 2013 VA audiological examination contains a pre-decisional duty to assist error as it was based on an inaccurate factual premise. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination with medical opinion to address the claim for right hand swelling. The decision for an in-person examination of the Veteran for the right-hand swelling is left to the discretion of the examiner. All indicated tests and studies should be accomplished (with all findings made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail. The electronic records, to include a copy of this remand, should be made available to and reviewed by the examiner, and an opinion as follows is requested:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran has right hand swelling that:

a) had an onset in service;

b) is otherwise related to service; or

b) was caused or aggravated by, or a result of service-connected right shoulder disability or prescribed medication for his service-connected conditions (specifically Gabapentin)? Secondary service connection is warranted for any incremental increase in disability. State whether there was an increase in disability regardless of permanence, but medically ascertainable. Any increase in disability should be described in terms of diagnosis, severity, and duration.

In considering any lay statements of record, the examiner should note that the Veteran is competent to attest to matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examination report must include a complete rationale for any opinion provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. 

2. Schedule the Veteran for a VA examination with medical opinion to address the claim for neck pain. The decision for an in-person examination of the Veteran for the neck pain is left to the discretion of the examiner. All indicated tests and studies should be accomplished (with all findings made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail. The electronic records, to include a copy of this remand, should be made available to and reviewed by the examiner, and an opinion as follows is requested:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran has neck pain that:

a) had an onset in service;

b) is otherwise related to service; or

b) was caused or aggravated by, or a result of service-connected right shoulder disability or service-connected headache disability? Secondary service connection is warranted for any incremental increase in disability. State whether there was an increase in disability regardless of permanence, but medically ascertainable. Any increase in disability should be described in terms of diagnosis, severity, and duration.

In considering any lay statements of record, the examiner should note that the Veteran is competent to attest to matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examination report must include a complete rationale for any opinion provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. 

3. Schedule the Veteran for a VA examination with medical opinion to address the claim for tinnitus. The decision for an in-person examination of the Veteran for the neck pain is left to the discretion of the examiner. All indicated tests and studies should be accomplished (with all findings made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail. The electronic records, to include a copy of this remand, should be made available to and reviewed by the examiner, and an opinion as follows is requested:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran has tinnitus that:

a) had its onset in service; 

b) is otherwise incurred in service to specifically include the competently reported in-service noise exposure; or

c) manifested to a compensable degree within one year of service?

In considering any lay statements of record, the examiner should note that the Veteran is competent to attest to matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

(CONTINUED ON NEXT PAGE)

The examination report must include a complete rationale for any opinion provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. 

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Kim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.